THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANCES WHEELER, v. DELILAH L. SHORB, Respondent.

*Landlord and tenant — when relation exists — when it may be created between assignor and assignee of a lease.*

One Shorb, who was the owner of a lease of certain premises for the term of three years, the rent being payable quarterly, executed an instrument by which she assigned the whole of the said term to one Wheeler; the instrument contained a clause as follows: " Provided always that the said Frances Wheeler, her executors, administrators and assigns shall pay monthly in advance to me, said Shorb, the rent secured by the terms of said lease, which the said Frances Wheeler, by the acceptance of this assignment, promises and agrees to do."

*Held*, that by the instrument the relation of landlord and tenant was created between Shorb and Wheeler, and that upon the failure of the latter to pay the monthly rent, she could be dispossessed in summary proceedings.

Certiorari to review the determination of the justice of the Sixth District Court of the city of New York, made in proceedings taken by the respondent as landlord, under the landlord and tenant act, to dispossess the relator as tenant of premises No. 91 Fifth avenue.

The respondent on November 4, 1876, was in possession and

occupancy of said premises under a lease from George Griswold for a term ending May 1, 1879. On 4th November, 1876, Shorb made and delivered to Wheeler an instrument, which appears to be on its face, an absolute *assignment* by Shorb of the residue of her term, but which instrument contained the following clause: " Provided always that the said Frances Wheeler, her executors, administrators and assigns, shall pay monthly in advance to me, said Shorb, the rent secured by the terms of said lease, which the said Frances Wheeler, by the acceptance of this assignment, promises and agrees to do." Under this instrument, Wheeler went into possession of said premises. These proceedings were instituted to dispossess Wheeler for non-payment of rent, due September 1, 1877, which, by the terms of said instrument, was payable by Wheeler to Shorb, for the use of said premises.

*John T. McKenzie,* for relator.

*George H. Adams,* for respondent.

Brady, J.:

The question we are called upon to consider in this case is whether by the instrument under which the parties respectively claimed possession, the relation of landlord and tenant existed between them. The respondent assigned the lease granted her by George Griswold, her lessor, by proper phrase and covenant to accomplish that purpose, and then covenanted to pay the rent reserved by the lease in the manner and form therein expressed, " Provided always that the said Frances Wheeler, her executors, administrators and assigns, shall pay monthly *in advance* to me, said Shorb, the rent secured by the terms of said lease, which said Frances Wheeler, by the acceptance of this assignment, promises and agrees to do." The rent reserved to be paid to the lessor, was by the lease divided into quarterly payments, but this same rent was, it will have been perceived, to be paid by the relator to the respondent in monthly payments in advance. It is quite important to note, as the evidence shows, that the parties themselves treated the agreement as a letting for the whole term, the relator paying and the respondent receiving the monthly payments provided for as

rent; and this fact develops clearly the intention of the parties by the paper executed and the understanding by them of its effect. The relator covenanted to pay the rent monthly in advance, and the respondent, that being done, was obligated to pay it to her lessor. The design of the agreement was doubtless to protect the respondent from the payment of the rent out of her own money, by requiring it to be paid monthly in advance, a process by which when the quarter day arrived she would be in funds to meet the covenant in her lease requiring the payment of the rent reserved. The arrangement was perfectly consistent with the assignment which it qualified and for the reason assigned. It is not necessary perhaps to suggest that in order to ascertain what relation was created between the parties by the so-called assignment, the whole instrument must be considered; all its provisions being construed with regard to each other. We have arrived at the conclusion, upon due deliberation, that the relation of landlord and tenant existed between the relator and respondent, and that the proceeding to dispossess was therefore well founded. There is no other question requiring particular examination. We think the writ should for these reasons be dismissed, and the proceedings reviewed affirmed in all things.

DAVIS, P. J., concurred; INGALLS, J., not sitting.

Writ dismissed; proceedings affirmed.